IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>JOSH GOMPERT, AARON PETERSEN,<br>JAMES KUNZMAN, and CHAD<br>MUELLER,<br><br>                Defendants. | 8:21CV340<br><br><br>MEMORANDUM<br>AND ORDER |

       In this case, plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis") alleges four of its former employees, defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, "defendants"), "engaged in a concerted effort to unfairly compete with Wilbur-Ellis as they secretly commenced work for [competitor J.R. Simplot Company ("Simplot")] and solicited Wilbur-Ellis's customers, employees, and business for their own benefit, despite continuing to be employed by and collect paychecks from Wilbur-Ellis." According to Wilbur-Ellis, the defendants facilitated those misdeeds by "unlawfully us[ing] Wilbur-Ellis's trade secrets and other confidential and proprietary information" and luring Wilbur-Ellis's dealers to Simplot with "unauthorized commission payments from Wilbur-Ellis."

       Reportedly in an effort to prove those allegations, Wilbur-Ellis provided notice to the defendants (Filing No. 56-2) that it intended to serve a third-party subpoena on Simplot ("Simplot subpoena"). *See* Fed. R. Civ. P. 45; NECivR 45.1. The defendants objected, arguing the subpoena (1) was "meant to harass, annoy, and embarrass" them with their current employer, (2) sought irrelevant information, and (3) was an attempt "to fish for ostensibly competitive information" from Simplot. The defendants asserted Wilbur-Ellis could obtain any "discoverable information and documents . . . through less intrusive means."

After a phone conference on May 27, 2022, the magistrate judge handling discovery in this case,[1] *see* 28 U.S.C. § 636(b)(1)(A), ordered Wilbur-Ellis to identify the information the defendants allegedly took and to conduct party discovery before seeking third-party discovery from Simplot. A few months later, Wilbur-Ellis moved (Filing No. 54) to overrule the defendants' objections to the Simplot subpoena. Wilbur-Ellis maintains it has attempted to obtain the information by other means but has been thwarted by the defendants' sustained efforts to block discovery.

On October 27, 2022, the magistrate judge ordered (Filing No. 66) Wilbur-Ellis to "disclose, with specificity, the trade secrets it alleges were misappropriated and file the list of record." The magistrate judge required the disclosure "to assist the court in determining the scope of relevant discovery, and to prevent a 'fishing expedition' on a third-party competitor." In response, Wilbur-Ellis obtained leave to file an "Identification of Trade Secrets" ("ITS") as a restricted document (Filing Nos. 68). The defendants moved to lift the access restrictions on the ITS (Filing No. 71), arguing it "contains no actual trade secrets" and should be available to the public.

On December 16, 2022, the magistrate judge denied Wilbur-Ellis's motion to overrule the defendants' objections to the Simplot subpoena and granted in part the defendants' motion to lift restrictions on the ITS (Filing No. 73). Deciding the defendants had "standing to object to the subpoena on the basis of relevance and to assert a personal right or privilege," the magistrate judge concluded Wilbur-Ellis has neither "identified, with specificity, the documents allegedly misappropriated by" the defendants nor "shown that all efforts to do so have been exhausted to no avail."

With respect to lifting the restrictions on the ITS, the magistrate judge found the ITS merely "provides general categories of information and descriptions of Defendants' job responsibilities." The magistrate judge redacted three customer names but otherwise

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

found "the filing does not contain material that implicates confidentiality to the extent necessary to overcome the strong presumption of public access to court documents."

Now pending before the Court is Wilbur-Ellis's Statement of Objections (Filing No. 74) to the magistrate judge's order. *See* Fed R. Civ. P. 72; NECivR 72.2. As Wilbur-Ellis sees it, the magistrate judge's order "misapplies the law as to Defendants' standing to object to a third-party subpoena, does not cite any requirement under Nebraska or Eighth Circuit law for a plaintiff to specifically identify the trade secrets before pursuing discovery (especially after the Court found Wilbur-Ellis's claims to be properly pled in denying Defendants' Motion to Dismiss), and wholly disregards Wilbur-Ellis's pending claims unrelated to the trade secrets."

To prevail on its objections, Wilbur-Ellis must show the magistrate judge's decision "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)A); *accord* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the reviewing court is] left with the definite and firm conviction that an error was made." *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 595 (8th Cir. 2022) (quoting *Radiance Cap. Receivables Eighteen, LLC v. Concannon*, 920 F.3d 552, 559 (8th Cir. 2019)); *see also Story v. Norwood*, 659 F.3d 680, 684-85 (8th Cir. 2011) (treating a § 636(b)(1) hearing like a bench trial for clear-error review); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (applying the firm-conviction standard to a district court's review of a magistrate judge's "discovery-related decisions" under § 636(b)(1) and Rule 72(a)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety, the court . . . may not reverse it even" though it might have weighed the evidence or decided the issue differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

Wilbur-Ellis contends "the Court should set aside the Magistrate Judge's Order because it is both clearly erroneous and contrary to law." In its view, the "[d]efendants

have not demonstrated that they have standing to object to the service of the Subpoena to Simplot" and "Wilbur-Ellis has more than sufficiently identified its trade secrets at issue." The arguments are unavailing.

First, Wilbur-Ellis argues the magistrate judge both misapplied the law and clearly erred in deciding the defendants have standing to object to the Simplot subpoena based in part on the information contained in their employment records. But Wilbur-Ellis's standing argument boils down to a simple difference of opinion as to whether the defendants' concerns about their employment records and the potential harm the proposed discovery could have on their employment with Simplot are credible and plausible in the circumstances of this case. That difference of opinion does not establish clear error or a misapplication of the law on this record. *See*, *e.g.*, *Anderson*, 470 U.S. at 574 (explaining that the choice between "two permissible views of the evidence . . . cannot be clearly erroneous").

Second, the Court rejects Wilbur-Ellis's hyperbolic assertion that the magistrate judge has "effectively" reversed this Court's ruling on the defendants' motion to dismiss "by prohibiting Wilbur-Ellis from pursuing relevant, necessary discovery." *See*, *e.g.*, *Kalencom Corp. v. Shulman*, No. CV 17-5453, 2018 WL 1806037, at *4 (E.D. La. Apr. 17, 2018) (concluding the plaintiff's "allegations were sufficient to survive a motion to dismiss" but "not sufficient to warrant the type of discovery" it sought). To the contrary, the Court agrees with the magistrate judge that the categories of possible trade secrets known to the defendants that Wilbur-Ellis has identified are much too broad to warrant third-party discovery at this point.

In evaluating Wilbur-Ellis's proposed subpoena, the magistrate judge identified a "growing consensus" of courts that require a party alleging misappropriation of trade secrets to identify those trade secrets with a least some level of specificity before discovery. *See*, *e.g.*, *Argos USA LLC v. Young*, No. 1:18-CV-02797-ELR, 2021 WL 3081332, at *5

(N.D. Ga. Feb. 2, 2021) (listing cases). She then drew on those principles in making a well-reasoned decision.

Wilbur-Ellis does not deny that courts routinely require plaintiffs to identify their trade secrets with reasonable particularity before discovery. Indeed, notwithstanding Wilbur-Ellis's assertion to the contrary, at least two of its cited cases involve courts judiciously applying that standard. *See*, *e.g.*, *DIRTT Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DPB, 2021 WL 247895, at *2 (D. Utah Jan. 25, 2021) ("As noted by this court previously, 'a party is required to identify with reasonable particularity what it claims constitutes a trade secret.'" (quoting *Cvent, Inc. v. RainFocus, Inc.*, 2019 WL 7837157, at *2 (D. Utah April 4, 2019))); *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *5-6 (D. Ariz. Aug. 6, 2014) ("[T]o ensure that plaintiffs are not on a fishing expedition and so that the court and defendants can discern the relevancy of plaintiffs' discovery requests, it would be appropriate for plaintiffs to identify their trade secrets with reasonable particularity.").

Instead, Wilbur-Ellis suggests the magistrate judge's conclusion that Wilbur-Ellis "failed to identify with adequate specificity the trade secrets it alleges were misappropriated" is beyond the pale because "neither Nebraska nor the Eighth Circuit requires a plaintiff to do so by virtue of statute or otherwise." Though Wilbur-Ellis may be right that no statute or rule compelled the magistrate judge to require adequate specificity, it does not necessarily follow that it was reversible error to do so in these circumstances.

The magistrate judge "has very wide discretion in handling pretrial discovery and this Court is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) (quoting *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 966 (8th Cir. 2018)); *see also Argos*, 2021 WL 3081332, at *4 (noting Federal Rule of

5

Civil Procedure 26(c) affords courts "broad discretion to limit the time, place, and manner of discovery in order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'"); *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248 (W.D. Tex. 2013), *aff'd*, No. CIV.A. SA-12-CA-282, 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013) (noting that "neither Texas nor Fifth Circuit law requires Pre–Discovery Identification" but concluding Federal Rule of Civil Procedure 16(c)(2)(L) provides "a mechanism for fostering the same goal of facilitating discovery in unique cases").

The Court need not definitively decide whether a plaintiff alleging misappropriation of trade secrets must always identify those trade secrets with reasonable particularity to conclude that it was reasonable for the magistrate judge to require it here. *See Kalencom*, 2018 WL 1806037, at *2 (weighing the policies for and against identifying allegedly misappropriated trade secrets before discovery and concluding prior identification makes sense when the complaint includes a "generic laundry list of 'confidential and proprietary' information"). These cases inevitably involve competing interests. *Argos*, 2021 WL 3081332, at *4-5 ("[T]he intrinsic nature of a trade secret case presents conflicting policy concerns regarding discovery."). And the relative value of requiring reasonable particularity varies with the facts and circumstances. *See id.* (noting the lack of a talismanic procedure to apply to achieve the best result in every case); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679-80 (N.D. Ga. 2007). Here, the magistrate judge carefully considered the pertinent issues and struck a reasonable balance.

Wilbur-Ellis has not shown the magistrate judge's decisions regarding the Simplot subpoena were either "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)A); *accord* Fed. R. Civ. P. 72(a). Accordingly,

IT IS ORDERED:
1. Plaintiff Wilbur-Ellis Company LLC's objections (Filing No. 74) are overruled.

2. The magistrate judge's Memorandum and Order (Filing No. 73) is affirmed.

Dated this 24th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge