IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC, | |
| Plaintiff, | 8:21CV340 |
| vs. | |
| JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on plaintiff Wilbur-Ellis Company LLC's ("Wilbur-Ellis") motion to compel. (Filing No. 76). Specifically, Wilbur-Ellis moves for an order compelling defendants Josh Gompert, Aaron Peterson, James, Kunzman, and Chad Mueller (collectively, "Defendants") to supplement their answers to Wilbur-Ellis' interrogatories and request for production of documents. Wilbur-Ellis additionally requests oral argument on the motion and to be reimbursed for costs and fees. Id. Within Wilbur-Ellis's briefing, it asks the court to extend various case progression deadlines, which the court will consider as a separate motion. For the reasons stated below, Wilbur-Ellis' motion to compel will be denied and its motion to extend case progression deadlines will be granted.

Pursuant to the court's scheduling order, "[m]otions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to

1

set a conference for discussing the parties' dispute." (Filing No. 44, at CM/ECF p. 1). The parties were further reminded of this requirement when the court extended the motion to compel deadline on September 26, 2022. (Filing No. 58).

The pre-motion conference requirement assists in clarifying what the moving party actually requires, and if necessary, narrows the language of the discovery requests or the timeframe at issue, thus promoting discovery of relevant information rather than formal motion practice. If these conferences are unsuccessful, the court enters an expedited formal motion schedule and rules on the objections to the discovery requests as written.

Contrary to the court's order, Wilbur-Ellis filed a motion to compel without first contacting the court to request a hearing.[1] For this reason alone, Wilbur-Ellis' motion can be summarily denied. See Doe v. Bd. of Trustees of Nebraska State Colleges, No. 8:17CV265, 2018 WL 4190056 (D. Neb. August 31, 2018). In addition, as explained below, upon review of the disputed requests as written, many of Defendants' objections will be sustained. Wilbur-Ellis's motion to compel will be denied both procedurally and on the merits.

## STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery. Courts must examine each case individually to determine the weight and importance of the proportionality factors.

---

[1] The pre-motion conference was Wilbur-Ellis's opportunity to present oral argument to the court as they now request. Accordingly, Wilbur-Ellis's motion for oral argument is denied.

Although the burden of demonstrating the proportionality of the requested information is a collective responsibility between the parties and the court, a party requesting discovery must show how the requested information is important to the issues and resolution of the case. The party requesting discovery must present a threshold showing of relevance before parties are required to "open wide the doors of discovery" and "produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. See Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972). "While the standard of relevance in the context of discovery is broader than in the context of admissibility, ... this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." Hofer, 981 F.2d at 380.

Sweeping discovery requests which are not tailored to obtain only information relevant or capable of leading to the discovery of information relevant to this case are overbroad. "A party resisting facially overbroad ... discovery need not provide specific, detailed support" to raise and stand on its objections. Madden v. Antonov, 2014 WL 4295288, 3 (D. Neb. 2014); Carlton v. Union Pacific R. Co., 2006 WL 2220977, 5 (D. Neb. 2006) (citing Contracom Commodity Trading Co. v. Seaboard, 189 F.R.D. 655, 665 (D. Kan. 1999)).

ANALYSIS

The background of this case has been extensively discussed in the various orders previously entered by the court. (Filing Nos. 31, 73, and 79). Thus, only information that is relevant to the current motions is provided herein.

A. Motion to Compel

On April 27, 2022, Wilbur-Ellis served its interrogatories and requests for production on Defendants.[2] Defendants responded on May 27, 2022. Since that time, the parties have repeatedly corresponded regarding their ongoing discovery disputes.[3] Wilbur-Ellis is dissatisfied with Defendants' responses and asks the court to compel Defendants to supplement their answers and produce documents in response to every single discovery request served to date. Wilbur-Ellis also contends it should be awarded reasonable costs and attorneys' fees related to the present motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

In briefing the current motions, neither party specifically analyzes each of the discovery requests at issue. Rather, both parties make sweeping arguments about the others' obligations and responses.

Wilbur-Ellis primarily argues that that the information and documents sought are within the scope of permissible discovery, that it has no obligation to preemptively identify its trade secrets, and, even if it did, Wilbur-Ellis's claims are not exclusively related to for the alleged misappropriation of trade secrets. (Filing No. 77). In contrast, Defendants argue Wilbur-Ellis failed to comply with this court's

---

[2] Wilbur-Ellis served defendant Mueller with different interrogatories and requests for production on February 17, 2022. (Filing No. 78-2 at CM/ECF p. 2-7, 36-40). However, these are not the requests that Defendant Mueller answered. (Filing No. 78-2 at CM/ECF p. 80-99 155-167). The court presumes, and the parties do not argue otherwise, that Wilbur-Ellis served Defendant Mueller with the same requests as the other defendants after Defendant Mueller withdrew his challenge to personal jurisdiction. (Filing Nos. 35 and 36). Thus, the court will evaluate the current motion as if each defendant received the same requests.

[3] While each side accuses the other as being disingenuous in their attempts to resolve the disagreement, the parties fulfilled their requirement to meet and confer.

civil case management practices, the motion is untimely, and there is no basis to overrule any of Defendants' written objections. (Filing No. 80).

At this time, the court declines to analyze each specific discovery request because the parties have not done so; including Plaintiff, the moving party, who bears the burden of proving each request at issue seeks relevant information. However, the court has generally reviewed the requests and places them into three categories: 1) requests that the court cannot evaluate without Wilbur-Ellis identifying the trade secrets they allege were misappropriated; 2) requests that the court would have likely compelled Defendants to respond to had Wilbur-Ellis complied with the court's procedural rules; and 3) requests that the court cannot evaluate without further argument from both parties.

As to the first category, while Wilbur-Ellis argues that neither Nebraska nor the Eighth circuit requires plaintiff to specifically identify the trade secrets with reasonable particularity before proceeding with discovery, the undersigned has already made the determination that such disclosure is required in the present case. (Filing Nos. 66 and 73). As outlined in the court's prior order, that requirement assists the court in evaluating the relevance of discovery requests and objections. (Filing No. 73 at CM/ECF p. 6). And while the court initially ordered that disclosure in the context of a third-party subpoena, the reasonable particularity requirement is also applicable to party discovery. See DeRubeis v. Witten Techs., 244 F.R.D. 676 (N.D. Ga. 2007) (requiring pre-discovery trade secret identification prior to party discovery); StoneEagle Services, Inc. v. Valentine, No. 3:12-cv-1687, 2013 WL 9554563 (N.D. Tex. June 5, 2013) (same).

The court will not permit broad sweeping discovery without Wilbur-Ellis first complying with the court's order to identify, with specificity, the trade secrets it alleges were misappropriated and file the list of record. As such, the court will deny

5

Wilbur-Ellis's motion to compel as to Interrogatory Nos. 1, 3, 6, 8, 9, 12, 13, and 14, and Requests for Production 1, 2, 3, 5, 6, 8, 9, 11, 12, and 16.

There are a number of requests for which the court may have granted Plaintiff's motion to compel had Wilbur-Ellis complied with the court's pre-motion conference requirement. Interrogatory Nos. 4, 5, 10, 15, 16, 17, 18, 19, and 20, and Requests for Production of Document Nos. 4, 7, and 15 are either routine requests or clearly relate to Wilbur-Ellis's claim that Defendants breached their duty of loyalty. However, since Wilbur-Ellis failed to comply with the court's prior orders requiring a pre-motion conference with the court, the motion as to these discovery requests will be denied.

Finally, there are several requests that the court simply cannot evaluate without the parties presenting meaningful argument, rather than conclusory generalizations, as to how the requested information is important to the issues and resolution of the case and conversely, why any objection should be sustained. Without such information, the court will not attempt to ascertain whether the requests are appropriate or the response adequate. For those reasons, the motion as to Interrogatory Nos. 2, 7, 11, and 21, and Request for Production of Document Nos. 10, 13, and 14, is denied.

In sum, Wilbur-Ellis has failed to comply with the court's pre-motion conference requirement, adequately identify the trade secrets at issue, and/or provide the court with a sufficient argument to adequately evaluate its motion. Wilbur-Ellis's motion is denied.

B.  Request for Costs

Wilbur-Ellis has requested costs and fees incurred in bringing this motion. (Filing No. 76). Since the court is denying Wilbur-Ellis's motion to compel, costs and fees will not be awarded to Wilbur-Ellis.

C.  Case Progression

Wilbur-Ellis argues it has been unable to take necessary depositions or otherwise prosecute this case because of Defendants' "persistent and ongoing refusal to substantively respond to any written discovery." (Filing No. 77 at CM/ECF p. 16). Wilbur-Ellis contends good cause exists to extend existing discovery and related deadlines. Id. Defendants disagree. (Filing No. 80 at CM/ECF p. 7).

Wilbur-Ellis has not diligently pursued receipt of discovery. Defendants' contested discovery responses were served in May 2022, but Wilbur-Ellis did not move to compel additional responses until January 2023. That said, various deadlines have been stayed pending rulings from the court and thus, good cause exists to extend the unexpired deadlines.

Accordingly,

IT IS ORDERED:

1)   As to the discovery requests raised in Plaintiff Wilbur-Ellis Company LLC's motion to compel, (Filing No. 76), Plaintiff's motion to compel, request for oral argument, and request for fees is denied.

7

2) Wilbur-Ellis's motion to extend case progression deadlines is granted as to unexpired deadlines as follows:

   a. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **May 3, 2023** at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

   b. As to any remaining written discovery disputes, motions to compel discovery under Rules 33, 34, 36, and 45 must be filed by **March 1, 2023**.

      **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

   c. The deadline for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **March 17, 2023**.

   d. The deadline for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **April 3, 2023**.

   e. The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **April 17, 2023**.

   f. The deadline for filing motions to dismiss and motions for summary judgment is **June 5, 2023.**

   g. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 5, 2023.**

h. Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

i. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of February, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*

United States Magistrate Judge