IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>                Defendants. | 8:21CV340<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on plaintiff Wilbur-Ellis Company LLC's ("Wilbur-Ellis") Statement of Objections to the Magistrate Judge's[1] February 21, 2023, Order (Filing No. 86). *See* Fed. R. Civ. P. 72; NECivR 72.2(a).[2] In that Memorandum and Order (Filing No. 85), the magistrate judge denied Wilbur-Ellis's motion to compel defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, "defendants") to supplement their responses to Wilbur-Ellis's written discovery—both procedurally and on the merits—but granted Wilbur-Ellis's request to extend certain case-progression deadlines.

      Wilbur-Ellis broadly contends the magistrate judge's order "is both clearly erroneous and contrary to law." It further contends she "clearly" abused her discretion "by sanctioning Defendants' nefarious behavior and blocking Wilbur-Ellis's efforts to pursue *any* discovery from Defendants." Wilbur-Ellis raises three main objections: (1) "the magistrate judge's order is contrary to the core principles of the justice system by wrongfully protecting defendants from producing any discovery," (2) she "erred in finding

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

[2]Wilbur-Ellis's statement of objections erroneously combines its statement and its brief, *see* NECivR 72.2(a), but the Court has considered it anyway.

Wilbur-Ellis's alleged insufficient identification of trade secrets forecloses further discovery," and (3) "the magistrate judge set a deadline to file any motions to compel deadline [sic] that fails to provide adequate timing to properly address discovery." According to Wilbur-Ellis, "As a result of the Magistrate Judge's Order, Defendants have completely evaded their <u>obligation</u> to produce *any* discovery after more than a year of litigation."

The defendants—unsurprisingly—see things differently. They describe the Memorandum and Order as "informed and well-reasoned." Faulting Wilbur-Ellis for "again" increasing "the costs and burden of this litigation" by challenging the magistrate judge's discovery rulings, the defendants argue Wilbur-Ellis's "objections should be overruled in their entirety."

The standard of review for Wilbur-Ellis's current statement of objections is the same as for the last one. To prevail,

> Wilbur-Ellis must show the magistrate judge's decision "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the reviewing court is] left with the definite and firm conviction that an error was made." *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 595 (8th Cir. 2022) (quoting *Radiance Cap. Receivables Eighteen, LLC v. Concannon*, 920 F.3d 552, 559 (8th Cir. 2019)); *see also Story v. Norwood*, 659 F.3d 680, 684-85 (8th Cir. 2011) (treating a § 636(b)(1) hearing like a bench trial for clear-error review); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (applying the firm-conviction standard to a district court's review of a magistrate judge's "discovery-related decisions" under § 636(b)(1) and Rule 72(a)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety, the court . . . may not reverse it even" though it might have weighed the evidence or decided the issue differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

*Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2023 WL 375125, at *2 (D. Neb. Jan. 24, 2023) (alteration in original); *see also Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020).

Applying this standard, the Court finds Wilbur-Ellis has not met its burden. First, as the defendants point out, Wilbur-Ellis never challenges the magistrate judge's denial of its motion to compel for failing to comply with the Court's pre-motion conference requirement. That failure alone is a sufficient basis for the magistrate judge's decision. What's more, Wilbur-Ellis falls far short of showing that the magistrate judge's rulings on the merits are "clearly erroneous and contrary to law" as it contends.

As for extending the case-progression deadlines, Wilbur-Ellis concedes the magistrate judge "largely adopted Wilbur-Ellis's proposed deadlines as to expert witnesses, depositions, and summary judgment briefing" yet complains she set a deadline for motions to compel that "creates an inefficient and impractical approach to resolving the discovery issues." (Footnote omitted.) The argument is unavailing.

As the Court previously stated, "the magistrate judge 'has very wide discretion in" managing pretrial discovery and resolving the myriad issues that can arise, especially in a case like this. *See id.* at *3 (quoting *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) (stating it will affirm discovery rulings absent "a gross abuse of discretion resulting in fundamental unfairness"); *accord Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (explaining its review of discovery rulings is "both narrow and deferential" (quoting *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1202 (8th Cir. 2015)). The magistrate's judge's rulings in this case were well within that wide discretion, and the Court will neither micromanage the magistrate judge's adroit handling of the discovery process nor second guess every ruling that one party does not like. *See, e.g.*, *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (concluding the plaintiffs failed to show that any of the magistrate judge's discovery orders or his discovery management "were a gross abuse of discretion").

For those reasons,

IT IS ORDERED:

1. Plaintiff Wilbur-Ellis Company LLC's objections (Filing No. 86) are overruled.
2. The magistrate judge's Memorandum and Order (Filing No. 85) is affirmed.

Dated this 24th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge