IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILBUR-ELLIS COMPANY LLC,

Plaintiff,

vs.

JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,

Defendants.

8:21CV340

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for protective order. (Filing No. 93). Specifically, Defendants ask the court to "control the order and flow of discovery and enter a protective order that temporarily restricts party depositions until Plaintiff reveals the actual basis, if any, of its claims." Id. For the reasons below, Defendants' motion is denied.

The background of this case has been broadly discussed in orders previously entered by this court, (Filing Nos. 31, 73, 79, 85, and 89), and the discovery process has been highly contentious and extensively litigated. Id. In the present motion, Defendants argue Plaintiff is not entitled to take their depositions at all, asking the court to prohibit depositions of the party defendants absent some substantiation of Plaintiff's claims. (Filing No. 95).

At the outset, the court notes that much of the parties' briefing on the current motion, and the argument presented before the court in the pre-motion telephone conference, bares little relevance to the question currently before the court: Is the plaintiff entitled to depose the defendants? The answer is "yes."

Under Fed. R. Civ. P. 26(c)(1) a court may impose a protective order for "good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(a). The party seeking a protective order bears the burden of showing good cause exists. See Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n. 5 (8th Cir. 1979).

Protective orders prohibiting depositions are rarely granted, generally unfavorable, and unusual absent extraordinary circumstances. See Hawkins v. Cnty. of Lincoln, No. 7:10CV5001, 2012 WL 12884563, at *2–3 (D. Neb. Apr. 5, 2012) (quoting Frideres v. Schiltz, 150 F.R.D. 153, (S.D. Iowa 1993)); see also Raml v. Creighton Univ., No. 8:08CV419, 2009 WL 3335929, at *2 (D. Neb. Oct. 15, 2009) ("A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so."). Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

Here, Defendants contend Plaintiff is not entitled to take their depositions because "no one knows the actual basis of Plaintiff's claims" and allowing depositions would be a costly "fishing expedition." In essence, Defendants contend that Plaintiffs must *prove* their claims to some extent before they can depose the defendants. This is simply not the standard. While the court may limit discovery in accordance with the federal rules, as the court has already done in this case, the

scope of discovery remains broad, and discovery, including depositions, is an investigative tool to identify facts and clarify the issues to be tried. See Sentis Group, Inc. v. Shell Oil Co., 763 F.3d 919, 926 (8th Cir. 2014) (citing WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011)).

To date, Plaintiff has essentially argued that Defendants presumably misappropriated Plaintiff's trade secrets when they left Plaintiff's employ to work for a direct competitor. But even in Plaintiff's most recent disclosure, Plaintiff has done little to precisely identify the documents or secret trade secrets allegedly taken by Defendants. Against this backdrop and the acrimonious history of discovery in this case, Defendants believe their depositions will merely afford Plaintiff another means to explore how Defendants' current employer conducts its business, and the type and content of the information it collects and uses to compete with Plaintiff. If that is the sole area of inquiry during Defendants' depositions, a protective order may be justified. But unlike the discovery requests underlying Defendants' prior discovery motions, the court does not currently know what topics or questions will be posed when Plaintiff deposes the defendants. Without that information, Defendants' motion for a protective order asks the court to rule, in a vacuum, that no relevant topics of inquiry exist; that Plaintiff has no relevant questions to ask. The record does not support such a ruling.

Defendants have not met their burden of showing the existence of "good cause" sufficient to support the extraordinary measure of entering a protective order preventing party depositions. Defendants are likely to possess information that is relevant to the parties' claims and defenses and discoverable under Rule 26(b)(1). That said, Plaintiff is admonished to strictly limit its subjects of inquiry to facts relevant to resolving the legal issues presented, and to refrain from exploring how Plaintiff's competitor (and Defendants' current employer), Simplot, operates its business.

Plaintiff requests an award of its attorney fees and expenses incurred in responding to Defendants' motion for protective order. (Filing No. 98 at CM/ECF p. 29). Defendants' motion is undoubtedly broad, but having been actively involved in the parties' past discovery disputes, the court understands the basis for Defendants' concern. Upon consideration of the case history, the court cannot find that Defendants lacked any substantial justification for filing their motion for a protective order. Plaintiff's motion for attorney fees and expenses will therefore be denied.

Accordingly,

IT IS ORDERED:

1) Defendants' motion for protective order (Filing No. 93) is denied.

2) Plaintiff's request for attorneys' fees in relation to the present motion is denied.

3) The parties shall promptly confer, identify agreeable deposition dates, and notify chambers of the dates of Defendants' depositions.

4) The previously ordered stay on various case progression deadlines is lifted. (Filing Nos. 92 and 100). The parties shall confer and, on or before June 16, 2023, submit to chambers (zwart@ned.uscourts.gov) proposed deadlines for completing depositions and filing motions for summary judgment and/or to exclude testimony on *Daubert* and related grounds.

Dated this 7th day of June, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
