IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>    Defendants. | **8:21CV340**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion for protective order. ([Filing No. 114](#)). Specifically, Plaintiff asks the court to limit the duration and scope of the 30(b)(6) deposition of its corporate representative. Defendants assert they are entitled to four separate 30(b)(6) depositions, one to address the facts and claims asserted against each individual defendant. Plaintiff's motion for protective will be granted as set forth herein.

## BACKGROUND

Plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis") alleges four of its former employees, Defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, "Defendants"), "engaged in a concerted effort to unfairly compete with Wilbur-Ellis as they secretly commenced work for [competitor J.R. Simplot Company] and solicited Wilbur-Ellis's customers, employees, and business for their own benefit, despite continuing to be employed by and collect paychecks from Wilbur-Ellis." ([Filing No. 79](#), citing [Filing No. 74](#)). Plaintiff alleges the defendants unlawfully used trade secrets and other confidential and proprietary information.

The background of this case has been discussed in orders previously entered by this court. (Filing Nos. 31, 73, 79, 85, 89, 101, and 109). After the undersigned's June 7, 2023 order (Filing No. 101) and in response to an email inquiry from Plaintiff (Filing No. 108-2 at CM/ECF p. 10), the court clarified that the depositions anticipated and discussed during a telephone conference with the court (Filing No. 91, audio recording) were not limited to party depositions. The parties conferred and a new deposition deadline was set for October 31, 2023. (Filing No. 104).

In August 2023, the parties litigated an opposed motion to quash the 30(b)(6) deposition subpoena of Defendants' current employer and non-party J.R. Simplot. On October 30, 2023, the parties contacted the court regarding a discovery dispute and requested the extension of certain deadlines. The court entered an amended progression order continuing the November 7, 2023 telephone conference to December 5, 2023 and extending the deadline for depositions to February 9, 2024. (Filing No. 111). After the parties conferred and decided on a date, a discovery dispute conference was set, but upon review of the parties' dispute summaries, the court set a schedule for formal motion practice. (Filing No. 113). The pending motion was timely filed on November 20, 2023. (Filing No. 114).

Defendants served 30(b)(6) deposition notices, all identical except for the name of the Defendant. Defendants request a full-day deposition as to each Defendant. Plaintiff served objections to the topics presented and stated it would produce a corporate representative to speak to the designated topics at a single, one-day deposition. (Filing No. 116-6 at CM/ECF p. 3). Defendants asserted that Plaintiff's proposal is "not workable" and that they are entitled to four, separate depositions on all topics listed, subject to amendments made by Defendants' counsel. (Filing No. 116-6).

ANALYSIS

Plaintiff moves for a protective order limiting the scope and duration of Defendants' requests for depositions. Specifically, Plaintiff asserts Defendants should not be allowed to "repeatedly depose Wilbur-Ellis's corporate representatives on the exact same topics for up to 28-hours of testimony." (Filing No. 114). Plaintiff asserts it has attempted to resolve this dispute with Defendants, who had refused to explore consolidation of topics or any limitations on the scope and duration of the 30(b)(6) deposition. Plaintiff argues there is good cause for the court to exercise its discretion to grant its requested relief. (Filing No. 114 at CM/ECF p. 1). Defendants assert they need a separate 30(b)(6) deposition to address the facts and claims alleged against each. Claims one through four of the Amended Complaint allege a breach of loyalty claim against each defendant, separately. Claims five through seven allege claims against all four Defendants. (Filing No. 11).

I. Standard of Review

District courts have broad discretion to limit discovery and decide discovery motions. Blackmore v. Union Pac. R.R. Co., No. 8:21CV318, 2022 WL 3718115, at *5 (D. Neb. Aug. 29, 2022) citing Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993). And a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. Vishay Dale Elecs., Inc. v. Cyntec Co., No. 8:07CV191, 2008 WL 5396675, at *1 (D. Neb. Dec. 23, 2008). Discovery rules should be construed to secure the just, speedy, and inexpensive determination of every action, and judges should not hesitate to exercise appropriate control over the discovery process. Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) and Fed.R.Civ.P. 1).

The court reviews the parties' positions under Federal Rule of Civil Procedure 26. Rule 26 defines the scope of discovery as "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. . ." Discovery that is unreasonably burdensome, cumulative, or outside the scope permitted by Rule 26(b)(1) should be limited by the Court. See, Fed. R. Civ. P. 26(b)(2)(C). Fed. R. Civ. P. 26(c) permits a party to request, and upon a showing of good cause, the court to enter an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Blackmore at * 6. The party seeking a protective order bears the burden of showing good cause exists. Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n. 5 (8th Cir. 1979).

Federal Rule of Civil Procedure 30(b)(6) allows a party to notice or subpoena the deposition of a corporation and requires the requesting party to "describe with reasonable particularity the matters for examination." The named organization is then required to designate one or more representatives to testify as to the areas specified. The persons designated by the organization are required to "testify about information known or reasonably available to the organization." Id.

A. Scope of the 30(b)(6) Deposition of Plaintiff's Corporate Representative

i. Agreed Topics

Plaintiff requests relief from the 30(b)(6) deposition notices served as to each of the individual Defendants. As a preliminary matter, Plaintiff has agreed to produce a representative to testify regarding topics 2, 3, 5, 6, and 24. (Filing No. 116-6 at CM/ECF pp. 3-4). In addition, despite its objection that the topics are duplicative, Wilbur-Ellis has agreed to produce a representative to testify regarding topics 7, 8, 9, 10, 12, 13, 14, 15, and 16. As to the remaining topics, Plaintiff asserts the topics are overbroad, duplicative, and/or not reasonably particular.

    ii.    Not Reasonably Particular

As to topics 1, 17, 28, 29, and 30, Plaintiff asserts these topics are vague and overbroad, and it cannot identify and designate an appropriate corporate representative to testify on these topics. (Filing No. 115 at CM/ECF p. 28). Rule 30(b)(6) clearly states that the party requesting the deposition must describe with "reasonable particularity" the topics to be discussed. Topics must be stated with enough specificity to allow the corporation to designate and prepare a representative to testify. Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019). A corporation's ability to reasonably designate and prepare its witness is impeded when the topics of inquiry are not "reasonably particular." Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). See also, Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No. CA 11-048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013).

"It is widely accepted that Rule 30(b)(6) 'contention topics' which require an opposing party 'to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense' or claim are overbroad and improper." Blackmore v. Union Pac. R.R. Co., No. 8:21CV318, 2022 WL 3718115, at *7 (D. Neb. Aug. 29, 2022). Rule 30(b)(6) topics which seek to elicit deposition testimony on all facts in support of a claim or contention are unduly burdensome, unwieldy, and disproportionate to the needs of the case. Fairview Health Services v. Quest Software Inc., 2021 WL 5087564, at *7, (D. Minn. 2021); Inline Packaging, LLC v. Graphic Packaging International, Inc., 2018 WL 9919939, at *10 (D. Minn. 2018). Topics 1, 17, 28, 29, and 30 seek testimony about "all factual allegations," documents, Plaintiff's responses to all written discovery, and all of Plaintiff's briefing in support of or in response to motions filed in this case. These topics are overbroad and not reasonably particular. Plaintiff's motion for protective order as to these topics will be granted.

iii. Duplicative

Plaintiff objects to testimony regarding deposition topics 4, 11, 25, 26, and 27 on grounds that the topics are duplicative of discovery already served on Plaintiff.

Upon review, the substance of topics 4 and 11 are almost identical to portions of Defendant's requests for admission and requests for production of documents. (See Table, Filing No. 115 pp. 17-26; Filing No. 116-4). Topic 4 requests testimony regarding each defendant's personnel and employee files, a topic addressed in Requests for Production Nos. 1, 3-5. (Filing No. 116-4 at CM/ECF pp. 2-3, 16-17, 30-31, 45-46). Topic 11 asks for testimony regarding whether Plaintiff provided sufficient notification of whistleblower immunity to pursue attorney fees under Defend Trade Secrets Act, 18 U.S.C. § 1836, which is the subject of Requests for Admission Nos. 15-16 (Filing No. 116-4 at CM/ECF pp. 61, 66, 71, 77), and Requests for Production Nos. 31-33 (Filing No. 116-4 at CM/ECF p. 6, 20, 34, 49).

To the extent that Plaintiff has produced responses to the requests for production or request for admission responsive to Defendants' discovery requests, the corresponding deposition requests are duplicative and inappropriate for a 30(b)(6) deposition. If as Defendants assert, Plaintiff has <u>not</u> produced this information, Defendant is entitled to depose a corporate representative as to these topics.[1]

---

[1] Defendants assert:
> What [the chart in Plaintiff's brief] does not do, however, is compare the topics listed in the Notices of Deposition with information and documents that Plaintiff has already provided to Defendants. Plaintiff does not do so because it has not provided Defendants with this information. In fact, as briefed extensively in this matter, despite asking for this information in discovery, the individual Defendants still know no more about the claims Plaintiff asserts and the damages Plaintiff seeks then when this matter was initiated.

Topics 25-27 ask if Plaintiff has authorized any employee to speak to customers, vendors, or other employees regarding Defendant(s) or the filing of this lawsuit. These topics loosely correspond with Requests for admission 25-29. (Filing No. 116-4 at CM/ECF p. 62, 67, 72, 78). As to these topics, Defendants are permitted to inquire as to whether there were employees other than those identified in Requests for Admission 25-29 who were authorized to speak to customers, vendors, or other employees regarding Defendants or the filing of this lawsuit.

Plaintiff objects to testimony regarding deposition topics 18, 19, 20, 21, 22, and 23 on grounds that the discovery is potentially duplicative and more appropriately directed to an expert witness. (Filing No. 115 at CM/ECF p. 26). Defendants assert Plaintiff's argument is speculative; it has not explained how this information will be duplicative; Plaintiff has not provided an expert report in support of its motion; and, there is no good cause for the protective order.

Upon review, Topics 18 and 22 request testimony regarding the timing and scope of Plaintiff's engagement of iDS and Cobb & Associates, Ltd. with respect to each Defendant. While this information could be requested from the experts Defendants have asked to depose, it can also be obtained from Plaintiff's representative. Defendants will be permitted to ask either the 30(b)(6) representative <u>or</u> the expert witness regarding the timing and scope of the engagement of these experts. Defendants are also permitted to ask about the individuals who handled devices and accounts analyzed by iDS, to the extent Wilbur-Ellis has that information. However, questions regarding the handling of those accounts and devices while in the possession and control of iDS would be better directed to the experts. (Topics 20 and 21). Finally, while Defendants may

---

Filing No. 118 at CM/ECF p. 12-13. Defendants have not moved to compel Plaintiff's response to the discovery served.

be permitted to ask what information Plaintiff provided to the experts (Topics 19 and 23), these topics appear directed to determining the facts received and relied upon by the experts in preparing their expert opinions. Thus, Defendants may be better served by seeking this information from the experts. To the extent that Defendants attempt to depose both Plaintiff's experts and the 30(b)(6) representative on the same topics, these efforts are duplicative and not proportional to the needs of this case.

### B. Time Limits on 30(b)(6) Deposition

Defendants initially indicated they intended to conduct a two-day deposition of Wilbur-Ellis, but later altered their approach and noticed four separate 30(b)(6) depositions. Each set of deposition topics is identical with the exception of the Defendant's name – i.e. each set covers the same content, but pertains to facts and allegations as to each defendant, individually. (See [Filing No. 116-2](#)).

Defendants argue they should not be deprived of the discovery available to them had Plaintiff filed this lawsuit against each Defendant, separately. ([Filing No. 118](#)). However, this argument is contrary to Rule 1. Where, as here, Defendants each seek the same/overlapping information and will be participating and represented by the same counsel, a separate 7-hour deposition is not necessary or justified for each defendant.

Further, as discussed in further detail, above, the 30(b)(6) topics will be limited to those that are relevant, reasonably particular, and not duplicative and cumulative. With these limitations, the court finds that a 12-hour deposition of Wilbur-Ellis' corporate representative is enough time. If, as Defendants maintain, the deposition topics cannot be combined because there are separate factual allegations and claims as to each defendant, they may each have three hours of

dedicated time. Or, the defendants may choose to combine certain background information or topics and separate others, identifying which questions are posed as to each defendant. The time may be divided however Defendants choose, but the collective time shall not exceed 12 hours.

Accordingly,

IT IS ORDERED Plaintiff's motion for protective order as to the scope and duration of the 30(b)(6) deposition of Plaintiff's corporate representative is granted as described herein. ([Filing No. 114](#)).

Dated this 20th day of December, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge