IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>　　　　　　　Defendants. | 8:21CV340<br><br>MEMORANDUM<br>AND ORDER |

　　　　On December 20, 2023, the magistrate judge then assigned to this case[1] issued a thorough Memorandum and Order (Filing No. 120) on yet another discovery dispute in this case. *See* 28 U.S.C. § 636(b)(1)(A) (allowing district courts to "designate a magistrate judge to hear and determine any pretrial matter pending before the court"). In that Memorandum and Order, the magistrate judge limited the scope and duration of defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller's (collectively, "defendants") deposition of plaintiff Wilbur-Ellis Company LLC's ("Wilbur-Ellis") corporate representative. *See* Fed. R. Civ. P. 30(b)(6) (requiring an organization named as a deponent to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf"). More specifically, the magistrate judge decided the defendants would have twelve hours total to depose Wilbur-Ellis's corporate representative.

　　　　In reaching that decision, the magistrate judge rejected the defendants' assertion that each of them was entitled to a separate, full-day Rule 30(b)(6) deposition to address all the facts and claims alleged against them. She found that position contrary to Federal Rule of

---

[1] The Honorable Cheryl R. Zwart, then United States Magistrate Judge for the District of Nebraska. Judge Zwart retired on January 15, 2024, and her cases were reassigned.

Civil Procedure 1's requirement that the federal rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Noting an overlap in the information sought and the fact that all four defendants had the same counsel, the magistrate judge determined "a separate 7-hour deposition is not necessary or justified for each defendant." Given the limitations she placed on the Rule 30(b)(6) topics to ensure they were "relevant, reasonably particular, and not duplicative and cumulative," the magistrate judge found twelve total hours of deposition would be long enough. She left it up to the defendants to decide how to combine topics and divide the time between themselves.

Now before the Court is the defendants' timely Statement of Objections to Magistrate Judge's Order (Filing No. 121).[2] *See* Fed. R. Civ. P. 72(a) (giving a party fourteen days to object to a magistrate judge's ruling on a nondispositive matter); NECivR 72.2(a) (same). In the defendants' view, the magistrate judge's "three-hour" time limit on each of them "is arbitrary and prejudicial, and not supported by any Rule of Civil Procedure or controlling law."

They ask the Court to give them each "a full-length corporate deposition." Alternatively, they ask the Court to set "aside the timing limits" and return "the timing issue back to the Magistrate Judge, thereby preventing the ruling from becoming final." The defendants state they will then comply with the three-hour limit and raise the issue again if the limit is inadequate as they anticipate.

In response (Filing no. 125), Wilbur-Ellis contends the magistrate judge imposed reasonable limits because it would be "unduly burdensome and unduly cumulative or duplicative" to require its corporate representative to sit for the defendants' "preferred

---

[2]Like Wilbur-Ellis before them (Filing No. 86), the defendants erroneously combine their statement of objections and their supporting brief. *See* NECivR 72.2(a). To be fair, the Court has considered it anyway, just as it did for Wilbur-Ellis (Filing No. 89). The Court and the parties would be better served, however, if the parties complied with the local rules.

28-hours of deposition testimony." According to Wilbur-Ellis, the defendants "cite to zero case law, rules, or other legal authority supporting their position" and fail to meet the requisite standard of review.

As the Court has twice rejected Wilbur-Ellis's previous objections to some of the magistrate judge's earlier discovery decisions in this case (Filing Nos. 79, 89), the defendants should be well aware of the high bar they must clear. *See Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2023 WL 2633653, at *2 (D. Neb. Mar. 24, 2023); *Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2023 WL 375125, at *2 (D. Neb. Jan. 24, 2023). To succeed on their objections, the defendants must show the magistrate judge's Rule 30(b)(6) ruling

> "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the reviewing court is] left with the definite and firm conviction that an error was made." *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 595 (8th Cir. 2022) (quoting *Radiance Cap. Receivables Eighteen, LLC v. Concannon*, 920 F.3d 552, 559 (8th Cir. 2019)); *see also Story v. Norwood*, 659 F.3d 680, 684-85 (8th Cir. 2011) (treating a § 636(b)(1) hearing like a bench trial for clear-error review); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (applying the firm-conviction standard to a district court's review of a magistrate judge's "discovery-related decisions" under § 636(b)(1) and Rule 72(a)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety, the court . . . may not reverse it even" though it might have weighed the evidence or decided the issue differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

*Wilbur-Ellis Co.*, 2023 WL 375125, at *2 (alteration in original); *see also Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (noting this Court's review under that standard is mandatory).

The magistrate judge's ruling on the scope and duration of a Rule 30(b)(6) deposition is no different than the other discovery rulings previously challenged in this

3

case. The magistrate judge "has very wide discretion" to decide such matters, and the Court is not quick to reverse. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (explaining the Eighth Circuit is "most unlikely" to disturb a pretrial discovery ruling absent "a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (quoting *United States ex rel. Kraxberger v. Kan. City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014))).

After careful review, the Court sees no abuse of discretion or other reversible error in the magistrate judge's well-reasoned decision to limit the defendants' examination of Wilbur-Ellis's corporate representative in the circumstances of this case. *See Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (finding no abuse of discretion in denying a Rule 30(b)(6) deposition as cumulative and duplicative); Fed. R. Civ. P. 26(c) (giving courts broad discretion to limit the time, place, manner, and scope of discovery "to protect a party or person from . . . undue burden or expense"). Deeply involved in this case for years, the magistrate judge was well-versed in all the issues and unerringly entered reasonable discovery rulings. This one is no different.

Based on the foregoing,

IT IS ORDERED:
1. Defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller's objections (Filing No. 121) to the magistrate judge's ruling limiting the duration of their depositions of plaintiff Wilbur-Ellis Company LLC's corporate representative are overruled.
2. The magistrate judge's Memorandum and Order (Filing No. 120) is affirmed.

Dated this 16th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge