IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC, | |
| Plaintiff, | 8:21CV340 |
| v. | |
| JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller's (collectively, "defendants") "Consolidated Motion to Exclude/Limit Experts (Daubert)" (Filing No. 129). Plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis") opposes the defendants' motion (Filing No. 155). For the reasons stated below, the motion is granted in part and denied in part.

I. BACKGROUND

Wilbur-Ellis markets agronomic products and services. The defendants all used to work for the company. Wilbur-Ellis alleges that before they left its employ, the defendants began to unfairly compete against it by secretly working for competitor J.R. Simplot Company ("Simplot") and by soliciting Wilbur-Ellis's customers and employees for Simplot. According to Wilbur-Ellis, the defendants breached their duties of loyalty, misappropriated its trade secrets and other confidential information, and tortiously interfered with its business relationships and expectancies.

In an effort to establish its claims, Wilbur-Ellis engaged Arthur Cobb ("Cobb") and Jonathan Karchmer ("Karchmer") as experts. Cobb is experienced in accounting and financial matters. Karchmer's expertise is in "information systems and digital forensics." The defendants argue Cobb's and Karchmer's expert reports should be stricken "and

testimony from either excluded" because Wilbur-Ellis failed to properly designate them and "disclose what testimony or conclusions on which it intends to rely." The defendants alternatively argue that Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-95 (1993), require the exclusion of Cobb's testimony and limitation of Karchmer's testimony in this case.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. *See Johnson v. Friesen*, 79 F.4th 939, 943 (8th Cir. 2023). If a witness is "retained or specially employed to provide expert testimony in the case," the retaining party must disclose the witness's identity and provide their opponent with a written report that contains the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B); *accord Johnson*, 79 F.4th at 943. Failure to comply with those disclosure requirements can lead to sanctions under Federal Rule of Civil Procedure 37. *See also Zick v. Paccar, Inc.*, 47 F.4th 672, 677 (8th Cir. 2022) (describing the wide discretion courts have in fashioning remedies or sanctions for a failure to disclose); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In particular, "Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a),

'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (noting the sanction is self-executing unless the court orders otherwise).

The admissibility of expert testimony is primarily governed by Rule 702. *See Daubert*, 509 U.S. at 588; *United States v. Strong*, 826 F.3d 1109, 1115 (8th Cir. 2016) (noting that Federal Rule of Evidence 403 balancing still applies). To be admissible under Rule 702, expert testimony must be both relevant and reliable. *See Daubert*, 509 U.S. at 589; *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021).

Rule 702 favors admissibility, making exclusion "the exception rather than the rule." *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). Still, "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Neb. Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

Here, the defendants raise both procedural and substantive challenges to Wilbur-Ellis's proposed experts. To start, the defendants urge the Court to strike Cobb's and Karchmer's reports and bar them from testifying because Wilbur-Ellis did not properly disclose them as testifying experts by the April 3, 2023, deadline. According to the defendants, Wilbur-Ellis did not send a notice of designation for either expert but instead sent their respective reports by email.

The defendants further assert they "do not know all of the opinions that may be offered by (or solicited from) either, especially from Cobb." In particular, the defendants are unsure whether Cobb intends to testify about causation and liability. Relying on *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 691 (8th Cir. 2009), the defendants also

contend Cobb's testimony should be barred because he merely parrots information he received from Wilbur-Ellis, without providing any "independent investigation or analysis."

Wilbur-Ellis sees things differently. It states it disclosed both experts on March 17, 2023, identifying them by name and subject matter and providing a curriculum vitae for each of them. Then, it emailed defense counsel their expert reports on April 3, 2023—reports that Wilbur-Ellis contends fully complied with Rule 26(a)(2)(B). As Wilbur-Ellis sees it, the defendants' motion misleadingly challenges its expert disclosures and inaccurately seeks "to exclude testimony based on the factual bases of the experts' opinions." *See Katzenmeier v. Blackpowder Prods., Inc.*, 628 F.3d 948, 952 (8th Cir. 2010) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." (quoting *Hose v. Chi. Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995))).

In their reply (Filing No. 168), the defendants all but concede Wilbur-Ellis "stitched together" sufficient expert designations for Cobb and Karchmer—effectively ending the defendants' quest for complete exclusion under Rules 26 and 37. But they maintain Wilbur-Ellis "still did not clarify the scope of Cobb's or Karchmer's engagement, especially Cobb." The defendants urge the Court to (1) accept Wilbur-Ellis's "concession" that Cobb will not offer an opinion or testimony on issues of liability and (2) enforce the limitations Karchmer placed on his own testimony during his deposition.

The defendants' point is well-taken. In resisting the defendants' motion, Wilbur-Ellis—largely speaking in generalities about what it suggests is the rather obvious scope of its experts' anticipated testimony—is careful to avoid clarifying what specific opinions Cobb will offer about damages and the basis for those opinions. But Wilbur-Ellis does

4

unequivocally say that Cobb is not a liability expert and that it "has no intention to offer Cobb as an expert on" liability or causation. Instead, he "will testify as to the damages Wilbur-Ellis" sustained only if it proves its claims. The Court will hold Wilbur-Ellis and Cobb to those limitations.

The same is true for what Wilbur-Ellis describes as Karchmer's "candid" agreement "that certain matters that fell outside the scope of his expertise or factual knowledge." Accordingly, Karchmer—who is an expert in information systems and digital forensics—will not be allowed to testify as to (1) the motive of any defendant, (2) "when or with what frequency any [defendant] did something like clear a browsing history," or (3) whether a defendant "did anything on a wiped device *before* it was wiped." Wilbur-Ellis gives no reason why he should be able to testify on these subjects.

Beyond that, the Court agrees with the defendants that Cobb's expert report is flawed in several respects. For instance, as the defendants point out, in opining on damages, Cobb cannot effectively distinguish between the defendants and other employees that left Wilbur-Ellis. And Cobb's purported statement of his opinions "and the basis and reasons for them" as required by Rule 26(a)(2)(B) leave a lot to be desired.

But the Court cannot say on this record that Cobb's proposed damage calculations are "so fundamentally unsupported that [they] can offer no assistance to the jury." *Neb. Plastics*, 408 F.3d at 416. Of course, the defendants remain free to timely object at trial and vigorously challenge Cobb's and Karchmer's testimony on cross-examination. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *S&H Farm Supply*, 25 F.4th at 552 (concluding an expert's testimony regarding lost profits was properly challenged on cross-examination rather than excluded under Rule 702).

In light of the foregoing,

IT IS ORDERED:

1. Defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller's "Consolidated Motion to Exclude/Limit Experts (Daubert)" (Filing No. 129) is granted in part and denied in part.

2. The defendants' wholesale request to strike the reports of plaintiff Wilbur-Ellis Company LLC's retained experts and to completely exclude their testimony in this case is denied.

3. Their narrower request for specific limits on that testimony is granted as set forth in this Memorandum and Order.

Dated this 3rd day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge