IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>　　　　　Defendants. | 8:21CV340<br><br>MEMORANDUM<br>AND ORDER |

Defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, the "defendants") all used to work for plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis"). When they left, Wilbur-Ellis sued them (Filing No. 11), alleging they secretly worked for a competitor, unfairly solicited Wilbur-Ellis's customers and employees, and misappropriated its trade secrets and other confidential information.

On June 11, 2024, the Court granted in part and denied in part the defendants' separate motions for summary judgment (Filing No. 183). That decision left only Wilbur-Ellis's "narrow claims of breach of the duty of loyalty based on the defendants' admitted dual employment with a competitor." Those claims are set for trial on March 10, 2025.

Before the Court is the parties' Joint Stipulation of Dismissal Without Prejudice & Motion to Enter Stipulated Consent Judgment on Remaining Claims & Extend Any Deadline for Any Fee/Cost Petition (Filing No. 202). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting parties to jointly stipulate to dismissal without a court order). Advising the Court that they all "stipulate and agree that the Partial Summary Judgment Order was tantamount to a full dismissal on the merits," Wilbur-Ellis and the defendants "jointly move the Court to approve and enter the Stipulated Consent Judgment and grant The Motion to Extend Any Fee and Costs Petition Deadlines."

Also pending before the Court are the defendants' Motion in Limine (Filing No. 188), Renewed Motion to Exclude Experts (Daubert) (Filing No. 190), and Motion for Reconsideration or, in the Alternative, an Evidentiary Hearing under Federal Rule of Evidence 104(c) (Filing No. 192) as well as the parties' Stipulated Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Certification for Appeal (Filing No. 197).

As a practical matter, the parties' joint stipulation of dismissal of Wilbur-Ellis's only remaining claims under Rule 41(a)(1)(A)(ii) leaves the Court with little to do. *See Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006) (concluding the voluntary dismissal of the remaining claims by stipulation under Rule 41(a)(1) left nothing "for the district court to resolve, and the suit had ended as far as that court was concerned"). Under well-established Eighth Circuit precedent, "the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017) (quoting *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984)). "By its terms, Rule 41(a)(1)(A)(ii) does not 'empower a district court to attach conditions to the parties' stipulation of dismissal.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); *accord Great Rivers Co-op v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (describing "dismissal without prejudice under" Rule 41(a)(1)(A)(ii) as "a form of dismissal that is an 'unconditional right' of the parties 'which contains no exceptions that call for the exercise of judicial discretion by any court'" (quoting *Gardiner*, 747 F.2d at 1190)).

But the courts still have a role to play. Concerned about inefficient "piecemeal appeals" and efforts to engineer end-runs around Rule 54(b)'s procedures for interlocutory appeals, the Eighth Circuit has rejected some litigants' "attempts to circumvent the final judgment rule" by concocting risk-free, conditional dismissals through tolling agreements or consent judgments that allow dismissed claims to be reinstated or "'spring back to life' if an appeal [is] successful." *In re Mun. Stormwater Pond Coordinated Litig.*, 73 F.4th

2

975, 978-80 (8th Cir. 2023) (quoting *Ruppert v. Principal Life Ins. Co.*, 705 F.3d 839, 842 (8th Cir. 2013)); *see also Hope*, 457 F.3d at 789.

Looking at this case through that lens, the Court sees some telltale signs of an effort to avoid Rule 54(b) and 28 U.S.C. § 1292(b) and manufacture appellate jurisdiction. *See Mun. Stormwater Pond*, 73 F.4th at 978-79. For one, the ostensibly abandoned Stipulated Motion for Entry of Final Judgment Pursuant to Rule 54(b) and Certification for Appeal looms large. The non-prejudicial dismissal of Wilbur-Ellis's remaining claims and reservation of rights related to those claims are also factors.

But, on balance, the record does not reveal the type of risk-free, circular "form of conditional dismissal" that "effectively leaves claims pending in" this Court and overtly allows Wilbur-Ellis "to avoid the usual consequences of a dismissal." *Id.* at 979-80. When asked, the parties specifically advised the Court they are not requesting the entry of any particular consent judgment and generally seek only the typical judgment entered upon dismissal under Rule 41(a)(1).

Absent an impermissible conditional dismissal, the effect of a voluntary dismissal under Rule 41(a)(1)(A)(ii) is "to make the earlier partial summary judgment 'a final judgment for purposes of appeal, even though the district court had not so certified under [Rule] 54(b).'" *Hope*, 457 F.3d at 789 (quoting *Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir. 1991)); *see also Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) ("[A] partial summary judgment becomes a final judgment once the remaining parts of the case are dismissed or otherwise resolved."). Such is the case here.

In light of the foregoing, no further Court action is required to effectuate the parties' stipulation of dismissal under Rule 41(a)(1)(A)(ii). *See Adams*, 863 F.3d at 1078. Wilbur-Ellis's only remaining claims were dismissed when the parties' filed the stipulation. *See id.* In accordance with that dismissal and the Court's June 11, 2024, summary-judgment

order, the Court will enter final judgment in this case pursuant to Federal Rule of Civil Procedure 58(a). The Court will deny all other requests for relief. Accordingly,

IT IS ORDERED:

1. The parties' Motion to Enter Stipulated Consent Judgment on Remaining Claims & Extend Any Deadline for Any Fee/Cost Petition (Filing No. 202) is granted in part and denied in part.

    a. The Court will enter a separate judgment in this case.

    b. The motion is denied in all other respects.

2. The defendants' Motion in Limine (Filing No. 188), Renewed Motion to Exclude Experts (Daubert) (Filing No. 190), and Motion for Reconsideration or, in the Alternative, an Evidentiary Hearing under Federal Rule of Evidence 104(c) (Filing No. 192) are all denied as moot.

3. The parties' Stipulated Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Certification for Appeal (Filing No. 197) is likewise denied as moot.

Dated this 21st day of February 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge