IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>              Defendants. | 8:21CV340<br><br>MEMORANDUM<br>AND ORDER |

      On June 11, 2024, the Court granted summary judgment (Filing No. 183) in favor of defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, "defendants") on most of plaintiff Wilbur-Ellis Company LLC's ("Wilbur-Ellis") claims against them, including its claim that the defendants misappropriated Wilbur-Ellis's trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq*. In reaching that decision, the Court concluded Wilbur-Ellis "never clearly and adequately identif[ied] the 'trade secrets' at issue, let alone how they were used or misused or the damages reasonably attributable to each defendant." The Court further explained, "Wilbur-Ellis's reliance on broad terms, general descriptions, and repeated, non-specific references to the 'nearly 6,000 documents' it produced in discovery d[id] not suffice."

      Now before the Court is the defendants' Consolidated Motion for Attorney Fees and Costs (Filing No. 217). Asserting they "are the prevailing party in this action in bad faith," they seek $372,531 in attorney fees under 18 U.S.C. § 1836(b)(3)(D).[1] That

---

[1] The defendants also sought $11,954.60 in costs, noting they were available by rule and statute. Those costs are no longer at issue after the Clerk of Court entered an unopposed Taxation of Costs in that amount on June 11, 2025 (Filing No. 238), without any objection. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

provision authorizes the Court to award reasonable attorney fees to a prevailing party if the other party makes a claim for misappropriation of trade secrets "in bad faith." The prevailing party can show the other party's bad faith "by circumstantial evidence." *Id.*

Wilbur-Ellis does not dispute that the defendants are prevailing parties for purposes of the DTSA (Filing No. 227). *See Dunster Live, LLC v. LoneStar Logos Mgmt. Co.*, LLC., 908 F.3d 948, 953 (5th Cir. 2018) (confirming "prevailing party" status under the DTSA "is a question of federal law" answered by reference to settled meanings in other fee statutes). At this point, the fighting issue is whether the defendants can show bad faith. The defendants say they can; Wilbur-Ellis says they can't.

The DTSA does not define "bad faith." *See Elmagin Cap., LLC v. Chen*, No. 22-2739, 2024 WL 2845535, at *5 n. 14 (3d Cir. Mar. 21, 2024). And neither the Eighth Circuit nor any of its sister circuits has been quick to delineate "the precise contours of" that pivotal phrase "in a published decision." *Shepard & Assocs., Inc. v. Lokring Tech., LLC*, No. 24-3348, 2025 WL 1420931, at *4 (6th Cir. May 16, 2025); *see also LQD Bus. Fin., LLC v. AKF, Inc.*, No. 24-1071, 2025 WL 830444, at *4 (7th Cir. Mar. 17, 2025) (assuming the standard for bad faith under the DTSA was similar to the state-law standard); *Akira Techs., Inc. v. Conceptant, Inc.*, 773 F. App'x 122, 125 (4th Cir. 2019) (unpublished per curiam) (stating a finding of bad faith "requires, at a minimum, that the plaintiff's 'claim had no chance of success under existing law'" (quoting *Tullidge v. Bd. of Supervisors of Augusta Cty.*, 391 S.E.2d 288, 290 (Va. 1990))).

Still, some basic parameters have taken shape based on definitions of bad faith in similar contexts. *See Shepard*, 2025 WL 1420931, at *4; *Recoop LLC v. Outliers Inc.*, No. 24-CV-01810, 2025 WL 1725024, at *14-*16 (S.D.N.Y. June 20, 2025) (concluding circuit-court decisions on this point "have differed slightly in their formulation of the standard for a claim made in bad faith under the DTSA"). Many courts have decided "that the standard contains both objective and subjective components: the claim must be known to be meritless, and the party must pursue it with an improper motive." *Shepard*,

2

2025 WL 1420931, at *4 ("No matter how the standard is articulated, a district court must find that a party's claim was meritless, that the party knew at a certain point that it was meritless and nonetheless maintained it, and that the party brought or maintained the claim for some improper purpose."); *Elmagin*, 2024 WL 2845535, at *5 ("A claim is brought in bad faith if the plaintiff completely lacked . . . evidence and knew or was reckless in not knowing that its claims lacked merit.") (quotation and internal marks omitted).

Here, both parties apply such a two-pronged approach that requires the plaintiff to prove the "(1) objective speciousness of the plaintiff's claim, and (2) plaintiff's subjective misconduct in bringing or maintaining a claim for misappropriation of trade secrets." *Norwood Operating Co. v. Beacon Promotions, Inc.*, No. CIV 04-1390 MJD/SRN, 2006 WL 3103154, at *1-*2 (D. Minn. Oct. 31, 2006) (quoting *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts*, 222 F.Supp.2d 733, 744 (D. Md. 2002)); *accord Recoop*, 2025 WL 1725024, at *15 ("Most courts hold that claim must be 'objectively specious' and that Plaintiff must have engaged in 'subjective misconduct in bringing the claim.'").

The defendants can show objective speciousness "by demonstrating that there was no misappropriation or threatened misappropriation or that the opposing party could not have suffered any economic harm." *Farmers Edge Inc. v. Farmobile, LLC*, No. 8:16CV191, 2018 WL 3747833, at *6 (D. Neb. Aug. 7, 2018). It "exists where there is a complete lack of evidence supporting Plaintiff's claims." *Id.* (quoting *Sun Media Sys., Inc. v. KDSM, LLC*, 587 F. Supp. 2d 1059, 1073 (S.D. Iowa 2008)). "[I]t is not necessary that the court find that an action was meritless as of filing, or even shortly thereafter. It can become apparent part-way through a suit that an action that initially appeared to have merit is in fact meritless" and should be abandoned. *Shepard*, 2025 WL 1420931, at *4.

"Subjective misconduct is judged by the relative degree of speciousness of plaintiff's trade secrets claim and its conduct during litigation." *Norwood Operating*,

3

2006 WL 3103154, at *2. Generally, "'something more' is required than the knowing pursuit of meritless claims." *Shepard*, 2025 WL 1420931, at *4 (alteration omitted) (quoting *BDT Prods., Inc. v. Lexmark Int'l*, 602 F.3d 742, 753 (6th Cir. 2010)). That "something more" can include "[h]arassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts." *Id.* (alteration in original) (quoting *BDT Prods.*, 602 F.3d at 754); *Farmers Edge*, 2018 WL 3747833, at *7 ("Subjective bad faith 'means the action was commenced or continued for an improper purpose, such as harassment, delay, or to thwart competition.'" (quoting *SASCO v. Rosendin Elec., Inc.*, 143 Cal. Rptr. 3d. 828, 835 (Ct. App. 2012))).

Without more, an adverse ruling on summary judgment does not necessarily establish bad faith. *See LQD Bus. Fin.*, 2025 WL 830444, at *1, *5; *Farmers Edge*, 2018 WL 3747833, at *7 ("A grant of summary judgment to an opposing party does not establish objective speciousness of a trade secrets claim."). As Wilbur-Ellis points out, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Such "hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* at 422.

Applying these labyrinthine standards to the facts of this case, the Court finds the defendants have not sufficiently established that Wilbur-Ellis either brought or maintained its DTSA misappropriation claims against the defendants "in bad faith." 18 U.S.C. § 1836(b)(3)(D). First, while Wilbur-Ellis did not adduce sufficient evidence to withstand summary judgment on its DTSA claims, that failure—by itself—does not demonstrate bad faith in these circumstances. *See Christiansburg Garment*, 434 U.S. at 421-22 (noting the space between the two standards). Some of Wilbur-Ellis's evidence did not pass muster on summary judgment, but the Court is unable to find that those

4

claims were wholly without merit or completely lacked evidentiary support. *See LQD Bus. Fin.*, 2025 WL 830444, at *1, *5 (concluding the bad-faith standard was "plainly not met" where the plaintiff "had several nonfrivolous reasons to believe" its trade secrets had been misappropriated and the district court's ultimate rejection of the experts' conclusion to the contrary did not vitiate the plaintiff's "prior good faith basis for its claim"); *Farmers Edge*, 2018 WL 3747833, at *6.

Second, Wilbur-Ellis's actions in this case are certainly not beyond reproach. If nothing else, it unnecessarily complicated these proceedings by repeatedly refusing to identify with any reasonable specificity the trade secrets the defendants allegedly misappropriated. Those actions may have played a part in their failure at summary judgment. But again, without more, they do not show the type of harassment, ill intent, or improper motive necessary to meet the high bar of demonstrating bad faith under § 1836(b)(3)(D). *See Shepard*, 2025 WL 1420931, at *4; *Farmers Edge*, 2018 WL 3747833, at *7. In short, though the defendants appear to sincerely allege Wilbur-Ellis "filed this lawsuit solely in an attempt to harass and retaliate against [them] for leaving [Wilbur-Ellis] for employment with a competitor," they fail to prove it.

For the foregoing reasons,

IT IS ORDERED:
1. Defendants Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller's Consolidated Motion for Attorney Fees and Costs (Filing No. 217) is denied.
2. The defendants' request for attorney fees pursuant to 18 U.S.C. § 1836(b)(3)(D) is denied on the merits.
3. Their request for $11,954.60 in costs is denied as moot in light of the Taxation of Costs in that amount entered by the Clerk of Court on June 11, 2025 (Filing No. 238).

Dated this 22nd day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge